**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Brekke,<br><br>   Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>   Defendant. | No. CV-19-05689-PHX-DJH<br><br>**ORDER** |

At issue is the denial of Plaintiff David Brekke's Application for Disability Insurance Benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 10, "Pl. Br."), Defendant SSA Commissioner's Response Brief (Doc. 13, "Def. Br."), and Plaintiff's Reply (Doc. 13, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 8, "R."), and now reverses the Administrative Law Judge's ("ALJ") decision (R. at 7–24) as upheld by the Appeals Council (R. at 1–6).

**I. BACKGROUND**

Plaintiff filed his Application for Disability Insurance Benefits on August 16, 2016, alleging disability beginning on June 22, 2016. (R. at 10.) His claim was denied initially on December 2, 2016, and upon reconsideration on March 6, 2017. (R. at 10.) On August 10, 2018, Plaintiff appeared at a hearing before the ALJ. (R. at 10.) On January 3, 2019,

the ALJ denied Plaintiff's Application, and on October 18, 2019, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision. (R. at 1–6, 7–24.)

The Court has reviewed the medical evidence in its entirety and will discuss the pertinent medical evidence in addressing the issues raised by the parties. Upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: disorders of the cervical and lumbar spine (discogenic and degenerative) and tendonitis of the left shoulder. (R. at 12.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff was not disabled from June 22, 2016 through the date of the decision. (R. at 20.) The ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (R. at 13.) Next, the ALJ calculated Plaintiff's residual functional capacity ("RFC") and found that he can "perform light work as defined in 20 CFR 404.1567(b) except as follows: he can frequently climb ramps and stairs (but never ladders, ropes or scaffolds), frequently kneel and crouch, and occasionally stoop and crawl. In addition, with his right upper extremity, he can frequently reach overhead and, with his left upper extremity, he can only occasionally reach overhead." (R. at 13.) Accordingly, the ALJ found Plaintiff can perform his past relevant work as a teacher. (R. at 19.)

## II.     LEGAL STANDARDS

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a

"specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

### III.   ANALYSIS

Plaintiff challenges the ALJ's assessment of (1) his symptom testimony, (2) his wife's lay witness testimony, and (3) his treating physician's opinion. (Pl. Br. at 2.) The Court agrees that the ALJ erroneously rejected Plaintiff's symptom testimony.[1]

---

[1] Though the Court rejects Plaintiff's argument that the ALJ erroneously rejected his treating physician's opinion, the Court still finds that the ALJ committed reversible error. Moreover, Plaintiff's argument that the ALJ erroneously rejected his wife's testimony is superfluous.

Accordingly, the Court reverses the ALJ's decision and remands Plaintiff's case for further proceedings.

> **A.     The ALJ failed to provide a specific, clear, and convincing reason supported by substantial evidence for rejecting Plaintiff's symptom testimony.**

Plaintiff testified that he can no longer teach because his constant pain prevents him from focusing. (R. at 47–48.) Plaintiff's pain interferes with his mental faculties, and he cannot take his narcotic pain medication while teaching. (R. at 53, 60, 61.)

The ALJ offered four reasons for rejecting Plaintiff's testimony. First, the ALJ found that the "the claimant's medical record reflects that he often exaggerated information regarding matters relevant to the issue of his disability," *i.e.*, the medical evidence contradicts his allegations. (R. at 14.) Second, the ALJ found that Plaintiff made inconsistent statements regarding his alleged limitations. (R. at 14.) Specifically, the ALJ cited Plaintiff's acknowledgment in his function report that he can walk two miles without stopping, which was purportedly inconsistent with his testimony at the hearing. (R. at 14, 44.) Third, the ALJ cited Plaintiff's activities of daily living as contradictory to his allegations of disabling symptoms. (R. at 14.) Finally, the ALJ found that Plaintiff's symptoms have stabilized with his medication and recent spinal treatment, and these improvements contradict his allegations. (R. at 15.)

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). If the claimant presents such evidence, then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281

(9th Cir. 1996)). This is the most demanding standard in Social Security cases. *Id*. at 1015. "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

First, the ALJ's reliance on a single inconsistent statement is not substantial evidence justifying the rejection of Plaintiff's testimony. Though an ALJ may rely on inconsistent statements to reject a claimant's testimony, the statements must actually be inconsistent to comprise substantial evidence. *See Smolen*, 80 F.3d at 1284. Here, Plaintiff's statement in his function report regarding his walks is not inconsistent with his testimony. In his function report Plaintiff responded, "NOT SURE, 2 MILES," to the question, "How far can you walk before needing to stop and rest?" (R. at 211.) He also stated he needed to rest 10 minutes before resuming, but again he was not sure. (R. at 211.) When he testified, Plaintiff explained his walking patterns in detail. (R. at 63.) He walks two miles *total* per day and walks only 15 to 20 minutes at a time. (R. at 44–45.) During these walks, he pauses for rest at benchmarks along the way. (R. at 63.) His detailed testimony was not inconsistent with his brief statement in his function report. Because this was the only inconsistency the ALJ pointed to it was not substantial evidence to reject Plaintiff's testimony.

Similarly, Plaintiff's activities of daily living do not justify the ALJ's rejection of his testimony. The ALJ found that Plaintiff "watches t.v., plays sports and walks, but not 'the same way as I did before pain.'" (R. at 14.) The ALJ also found Plaintiff "acknowledged that he can independently attend to his personal needs and perform basic chores as needed but that he needs to use pain medication to facilitate these activities." (R. at 14.) Here, the ALJ did not provide adequate support for his finding that Plaintiff's activities indicate an ability to sustain employment, which is the primary consideration when evaluating a claimant's daily activities. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001). This was necessary in this case since Plaintiff testified that his activities

were constantly limited by his pain and that he could not teach while on his pain medication. (R. at 47–48, 61.) The ALJ was required to *specify* why Plaintiff's activities of daily living, as limited by his pain and inability to use pain medication while teaching, reflect an ability to sustain employment. The ALJ's failure to do so was error.

Next, the ALJ's finding that Plaintiff's symptoms have stabilized with his medication and recent spinal treatment is unsupported by substantial evidence. Plaintiff acknowledged some improvement with medication, but the relevant inquiries are whether that improvement contradicts his allegations or indicates an ability to sustain employment. (R. at 14–15.) *See Vertigan*, 260 F.3d at 1050. Even if Plaintiff is more functional on medication, it does not necessarily follow that he is sufficiently functional to sustain employment. Such a conclusion is unsupported by the ALJ's analysis. Furthermore, Plaintiff's pain stimulator treatment was only a recent and potentially temporary improvement. He underwent a pain stimulator trial in July 2018 (well into the period at issue in this case) with significant improvement in his symptoms. (R. at 548.) However, as of his hearing in August 2018, his permanent implant had not been placed. (R. at 66.) Apparently, the permanent implant was placed on August 23, 2018, but the record does not indicate whether he achieved sustained improvement with the permanent implant. (R. at 580–81, 583.) Thus, substantial evidence does not support the ALJ's conclusion that Plaintiff's improvement from medication and his spinal treatment undermine his testimony. Additional evidence and more specific findings are required to support a conclusion that improvement in Plaintiff's symptoms undermines his allegations.[2]

Because the ALJ's remaining reason for rejecting Plaintiff's testimony, its purported inconsistency with the objective medical evidence, stands alone, the Court rejects this rationale as a basis for rejecting Plaintiff's allegations. The ALJ cannot reject Plaintiff's symptom testimony solely because it is not fully corroborated by the medical evidence.

---

[2] Even if Plaintiff's permanent implant resulted in sustained improvement sufficient to allow Plaintiff to teach, that would not necessarily undermine all of Plaintiff's testimony. The permanent implant was placed over two years after Plaintiff's alleged disability onset date, so any improvement due to the implant would not pertain to the entire period at issue.

*Burch*, 400 F.3d at 682. Even if it were supported by substantial evidence, it would be insufficient to reject Plaintiff's testimony.

**B. The proper remedy is to remand Plaintiff's case for further proceedings.**

Plaintiff requests only that his case be remanded for further proceedings. (Pl. Br. at 19.) Further proceedings are appropriate in this case because outstanding issues exist regarding Plaintiff's functional limitations, which, when properly considered, may alter Plaintiff's RFC and correspondingly the availability of jobs in his case.

**IT IS THEREFORE ORDERED** reversing the December 28, 2018 decision of the Administrative Law Judge. (R. at 7–24.)

**IT IS FURTHER ORDERED** remanding this case to the Social Security Administration for a computation of benefits.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 15th day of July, 2020.

Honorable Diane J. Humetewa
United States District Judge